IN THE MATTER OF
THE REGISTRATION OF THE MATAI TITLE "AFOAFOU-
VALE" IN THE VILLAGE OF UTULEI, TUTUILA,
AMERICAN SAMOA

No. 1502-1975

High Court of American Samoa

Civil Jurisdiction, Land and Titles Division

May 20, 1975

Counsel for Fatu Su'esu'e Afoafouvale Lutu, M. A. Mageo

Counsel for Fiataugalu'ia Afoafouvale Lefiti, Ivi Mulitauaopele

Fatu Su'esu'e Afoafouvale Lutu on July 31, 1974, filed his claim to be registered the holder of the matai title "Afoafouvale" of his family in Utulei or in Fagatogo. On August 26, 1974, Fiataugalu'ia Afoafouvale Lefiti also filed a petition that he be registered the holder of the "Afoafouvale" matai title of his family in Utulei or in Fagatogo.

Counsel for Fatu introduced a motion that Fiataugalu'ia be disqualified on the ground as set forth in Title 1, Chapter 7, Section 752(a) of the Code of American Samoa. Counsel for Fiataugalu'ia stated that he is of the opinion that both parties stipulated in the pre-trial meeting of January 31, 1975, that both parties—Fiataugalu'ia and Fatu—are qualified as candidates, but counsel for Fatu disagreed. Counsel for Fatu stated that the stipulation entered into by both parties was based on 1 A.S.C. Section 751 and not on 1 A.S.C. Section 752; the Court stated that the motion would be taken under submission so that the trial may proceed.

Counsel for Fiataugalu'ia then introduced a motion to disqualify applicant Fatu from this matter on the ground that he is not qualified under 1 A.S.C. Section 752(a). The Court also took this motion under submission.

■ Our decision begins directly upon the two motions before the court. The Code of American Samoa states, in 1 A.S.C. Section 752(a), ". . . no one shall be eligible to claim or object to the succession to a matai title unless he has actually resided in American Samoa for one calendar year

immediately preceding the date of the claim or objection." From all competent evidence presented before the Court, we find the following to be true:

■ Fatu Su'esu'e Afoafouvale Lutu is presently living in California, where he has resided for over twenty years. During these many years, he did not register as an absent resident pursuant to 1 A.S.C. Section 752(d). He left Samoa in the year 1951, while he was a Fitafita of the U.S. Navy and was retired in the year 1966. He continued living with his family and children in California with only occasional visits to Samoa. Registration as an absent resident was only recently done upon application by five adult members of his family on October 15, 1974, but it was after he had already attempted to register for the matai title on July 31, 1974.

Applicant Fiataugalu'ia Afoafouvale Lefiti, who has continuously resided in San Francisco, California for more than twenty years and presently resides there, objected to the matai title on August 26, 1974.

■ It is very important in this court that the fa'a Samoa be preserved and that the rights of those qualified under 1 A.S.C. Section 752 to claim and object to the title be strictly protected.

Accordingly, we grant the motions of counsel for both petitioners; both candidates are disqualified from asserting any claim or objection in this matter. Because Fiataugalu'ia Afoafouvale Lefiti has not resided in American Samoa for the past calendar year as required by 1 A.S.C. Section 752, pursuant to law, he is ineligible to either assert a claim for a matai title or object to another claimant.

■ The fact that Fatu Su'esu'e Afoafouvale Lutu registered as an absent resident is, in this case, not sufficient to qualify him to claim or object to the matai title; the Court takes the view that his registering was

solely to qualify him for the claim to the title, but such rush movements were insufficient to so qualify him. (See L & T 1264-72 wherein we found a candidate for a matai title ineligible based on unqualifying "quick movements.") Because Fatu has failed to comply with the residency requirements of 1 A.S.C. Section 752, he also is unqualified to claim a matai title or object to any other claimant.

The Court, upon finding that neither of the parties is qualified to become candidates in this matter, hereby dismisses this case, and holds that neither of the above parties shall use the title "Afoafouvale" in the village of Utulei, Ma'oputasi County, Tutuila, American Samoa.

Court costs are assessed as follows: Total costs are $75, with each of the two parties to pay $37.50; Fatu Su'esu'e Afoafouvale Lutu to pay $37.50 within thirty days and Fiataugalu'ia Afoafouvale Lefiti to pay $37.50 within thirty days.

The clerk of the court shall return all personal properties which were introduced to the Court as evidence to their rightful owners.

A copy of this Decision shall be sent to both parties as well as to the Territorial Registrar.

## On Motions Following Decision

Counsel for Fatu Su'esu'e Afoafouvale Lutu (hereafter referred to as Claimant) moves this Court to reconsider its original decision granting the motion of Claimant's opponent, made pursuant to 1 A.S.C. 752(a).

Counsel for Fiataugalu'ia Afoafouvale Lefiti (hereafter referred to as Objector) moves this Court to grant a new trial on the title claim.

Claimant contends the Court erred in not interpreting correctly or giving sufficient weight to 1 A.S.C. 752(b), subsections (1) and (2). These sections deal with absences permissible from American Samoa, for education

and military service, which will not preclude a matai title claim due to lack of residency. But the court, in the exercise of its judicial discretion, found that the limited amount of evidence which Claimant introduced on the subject of his pursuit of an education could not support an exception under 1 A.S.C. 752(b)(1).

The evidence showed Claimant attended one course for one summer in 1971 and that he studied via correspondence with a high school program in Chicago. In neither case could it be said that Claimant was absent from American Samoa in pursuit of his education, since he could have corresponded with the Chicago school from American Samoa as well as from California, and one summer school course does not justify an extended absence, for educational purposes, from American Samoa. In addition, the Court found that Claimant retired from the military in 1966; therefore, an exception pursuant to 1 A.S.C. 752(b) ended in that year. Thus, we deny Claimant's motion.

The Court's prior decision in this case was that Objector is not qualified to claim the title "Afoafouvale" because he has not met the requirements of 1 A.S.C. 752(a). Objector requests a new trial, taking issue with the Court's prohibition of the use of that matai title by Objector. But the Court has not issued a blanket prohibition against Objector's use of the title; he is just unable to claim the matai title until he properly meets the residency requirements of 1 A.S.C. 752(a). After these procedural requisites are met, any claim by Objector will proceed on the substantive issues. Therefore, Objector's motion for a new trial is denied.